UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

KRISTI E. LESWING AND BRUCE H. ROSS
AS CO-TRUSTEES OF THE AUDREY F. ROSS
CHILDREN'S TRUST F/B/O BRUCE H. ROSS,

    Plaintiff,

    v.                                        Case No. 10-C-343

ESTATE OF BERNARD MARDEN,

    Defendant.

---

DECISION AND ORDER DENYING DEFENDANT'S MOTION
TO DISMISS (DOC. #5), DENYING DEFENDANT'S MOTION TO STAY
PENDING LITIGATION IN STATE COURT (DOC. #5), AND DENYING
DEFENDANT'S MOTION TO STAY DISCLOSURES AND DISCOVERY (DOC. #30)

The Estate of Bernard Marden seeks dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(6) and U.S.C. § 1332 for lack of subject-matter jurisdiction, or, alternatively, to stay proceedings in this court, pending the outcome of two Milwaukee County Circuit Court cases: *Marden v. Ross*, 09-CV-16092, and Imagemark's receivership, 10-CV-3531. The Estate also filed a motion to stay initial disclosures and discovery in this case, pending resolution of its motion to dismiss. For the reasons set forth below, the plaintiffs may proceed on their tortious interference and alter ego claims. However, a stay is not warranted.

Under Rule 12(b)(6), a motion to dismiss challenges the complaint's sufficiency to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief . . . to give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Twombly* requires a party to avoid two barriers: first, the litigant must describe the claims in sufficient detail to give defendant fair notice of the claims; and second, the litigant must plausibly suggest a right to relief. *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). A litigant need not plead detailed facts, as it is more efficient to learn details through discovery. *Id.* at 779.

The complaint under review asserts a claim for tortious interference with contract, and an alternative claim against Bernard Marden as the alter ego of Imagemark. According to the complaint, Bruce Ross founded Imagemark and Imagemark agreed to lease a building located at 8700 West Bradley Road from Century Investment Securities, Inc., a corporation wholly owned by Marden. On or about October 10, 2007, the Trust purchased the building subject to the lease and Century assigned its interest in the Lease to the Trust through an agreement entitled Assignment and Assumption of Lease. Allegedly, Marden fired Ross, then Imagemark—at Marden's direction—defaulted on the lease. Imagemark and the Trust executed an Amendment to Lease in May of 2008, and Marden, again, directed Imagemark not to make payments.

The Trust and Imagemark executed a Promissory Note, dated July 3, 2007, governing Imagemark's obligation to repay a loan. In addition, Marden is accused of directing Imagemark not to reimburse Ross for Imagemark's expenses that were charged on his Mastercard. Since September of 2008, the Trust has sued Imagemark in Milwaukee County Circuit Court and Imagemark has commenced a receivership under Chapter 128 of the Wisconsin statutes.

In count one, the Trust alleges that Marden instructed Imagemark to default on its Lease, Promissory Note, and obligation to reimburse Ross for company expenses charged on his credit card. The Lease and the Note are attached to the complaint and incorporated by reference. The complaint further states that Marden directed Imagemark not to pay the Trust more than $368,000 because of Marden's disdain for Ross. Continuing, the complaint submits that Marden was not justified to interfere with Imagemark's obligations and that his instructions to Imagemark resulted from his vindictiveness towards Ross rather than a justifiable business purpose.

Under Wisconsin law, tortious interference with a contract requires proof of these elements: (1) the plaintiff had a contract or prospective contractual relationship with a third party; (2) the defendant interfered with that relationship; (3) the interference by the defendant was intentional; (4) there was a causal connection between the interference and damages; and (5) the defendant was not justified or privileged to interfere. *Briesemeister v. Lehner*, 2006 WI App 140, ¶ 48, 295 Wis.2d 429, 452, 720 N.W.2d 531, 542. The Trust pled a contractual relationship with Imagemark and intentional interference by Marden with a causal connection between the interference and damages. Taken as true, and in the absence of any allegation that the conduct was justified or privileged, the complaint states a claim for tortious interference which may proceed.

Count two asserts an "ALTERNATIVE CLAIM (FED. R. CIV. P. 8(E) AGAINST MARDEN AS ALTER EGO OF IMAGEMARK AND ON BASES THAT CORPORATE VEIL CAN BE PIERCED." Marden is said to have completely dominated the finances, policies and business practices of Imagemark, including the Lease, the Note, the obligation to reimburse Ross for his expenses, and treated Imagemark funds as his

own. In addition, Marden is charged with using this control to stop Imagemark's payments to the Trust.

The Estate argues that the court cannot pierce the corporate veil because defendant transferred his stock in Imagemark to his children, and as a result, did not have a position at Imagemark. Alternatively, the Estate submits that, even if the court finds Marden was Imagemark's alter ego, doing so would eliminate the court's jurisdiction over this claim because diversity of citizenship would be destroyed. Neither argument is persuasive.

A shareholder can be liable for the obligations of a corporation when the shareholder disregards corporate formalities or exercises pervasive control. *Consumer's Co-Op of Walworth v. Olsen*, 142 Wis. 2d 465, 482-85, 419 N.W.2d 11 (1988). Additionally, an alter ego can be found when a shareholder has complete control over an insolvent corporation, made no attempt to hold corporate meetings, taken money out of the corporation for his own benefit, and acted out of personal interest rather than to benefit the corporation. *Sprecher*, 78 Wis. 2d at 38-39.

Here, the complaint alleges that Marden had complete control over Imagemark, held no corporate meetings with Imagemark, used Imagemark's funds for his country club membership, charged Imagemark consulting fees, and instructed Imagemark to not pay debts owed to the Trust. The Trust can pursue Marden for any Imagemark debt or obligation owed on the Note, Lease, or credit card under the theory that Imagemark was a corporate shell controlled in all respects by Marden. However, any allegations involving conduct after Marden transferred his stock to his children in 2008 must be pursued as the tortious interference claim and would be duplicitous of count one.

To the extent that the Estate maintains that Marden should be treated as one in the same with Imagemark for citizenship purposes, it is sufficient that the complaint states that Marden is a citizen of Florida and New York. The representative of the Estate of Marden is deemed to be the citizen of the same State as the decedent. 28 U.S.C. § 1332(c)(2). An alternative alter ego theory does not destroy the diversity pled in the complaint.

Finally, the court turns to the alternative motion—the Estate requests the court to stay any claims pending litigation in Milwaukee County Circuit Court. Typically, federal courts have an obligation to "exercise the jurisdiction conferred on them by Congress"; however, in exceptional cases, a "federal court should stay a suit and await the outcome of parallel proceedings" to conserve judicial resources and give regard to comprehensive disposition of litigation. *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). The federal court must not look for a reason to exercise jurisdiction, but, instead, must look for a reason to surrender jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983). In this case, there is no reason to surrender jurisdiction and stay the proceedings.

Granting a stay is appropriate only if concurrent actions are parallel. *Finova Captial Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999). In other words, both actions must include the same parties litigating substantially the same issues, and there must be "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004). Additionally, any doubt regarding whether actions are parallel should be resolved in favor

5

of the federal court, *Truserv Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005); consequently, the balance weighs heavily in favor of federal court jurisdiction, and finding an exceptional circumstance to grant a stay is difficult. *Moses H. Cone*, 460 U.S. at 16.

Beginning with the 09-CV-16092 case, although the Estate is a party in each action, Kristi Leswing and Bruce Ross bring this suit in their capacity as trustees, not as individuals. Additionally, Kristi E. Leswing is not a party in the foregoing case, even as an individual. More importantly, the Milwaukee County Circuit Court case will not dispose of all of the claims stated in the complaint pending before this court. The Milwaukee County Circuit Court case was filed by Marden and charges Ross—as an individual—defrauded him. Alternatively, this case asserts a claim for damages owed to the Trust due to defendant's actions. If actions involve different issues, remedies, and proof requirements, the actions are not parallel. *See* MOORE'S FEDERAL PRACTICE § 122.06[2] (3d ed.). Because the Milwaukee County Circuit Court case will address, and potentially remedy, only the issue of Ross's alleged fraud, the action will not dispose of the Trust's claims for damages against defendant. Likewise, the Trust need not wait for the conclusion of the receivership case, 10-CV-3531, to pursue their claims against defendant. Although Imagemark is in receivership, the Trust is entitled to seek relief from the Estate.

Furthermore, no exceptional circumstances justify staying the proceedings. For example, it is no less convenient to litigate in a federal court in Milwaukee than in a state court in Milwaukee. *See Rojas-Hernandez v. Puerto Rico Electric Power Authority*, 925 F.2d 492, 496 (1st Cir. 1991) (noting that a federal venue is just as convenient as a state venue when both courts are in the same city). Similarly, protection of the parties' interests weigh in favor of exercising this court's jurisdiction because a majority of the necessary

witnesses reside outside of Wisconsin, and state courts appear to lack the authority to facilitate the depositions of such witnesses. *See* Wis. Stat. § 887.26. Finally, and quite notably, any discovery that has occurred in the state court can likely be used in this case; thus, continuing this action will not constitute an additional burden on the parties, or strain judicial resources. *See* Fed. R. Civ. P. 32(a)(8). Consequently, the concurrent actions are not "parallel," and there are not exceptional circumstances that warrant granting a stay in this case. Lastly, in light of the court's ruling on the Estate's motion to dismiss, the motion to stay initial disclosures and discovery is moot. Now, therefore,

IT IS ORDERED that defendant's motion to dismiss Counts I and II of the complaint is denied.

IT IS FURTHER ORDERED that defendant's motion to stay pending the outcome of the Milwaukee County Circuit Court case is denied.

IT IS FURTHER ORDERED that defendant's motion to stay initial disclosures and discovery is denied as moot.

Dated at Milwaukee, Wisconsin, this 24th day of March, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE